IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER W. SEMIER, | § | |
| (TDCJ-CID #697336) | § | |
| | § | |
| Petitioner, | § | |
| vs. | § | CIVIL ACTION H-11-0421 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM ON DISMISSAL**

The petitioner, Christopher W. Semier, seeks habeas corpus relief under 28 U.S.C. § 2254. He challenges a Texas state-court conviction for sexual assault. The respondent has moved for summary judgment on the ground that this court lacks jurisdiction to consider Semier's claims. (Docket Entry No. 9). Semier has not responded. Based on the record and applicable law, this court grants the respondent's motion and dismisses the case for lack of jurisdiction. The reasons are stated below.

**I.     Background**

Semier pleaded guilty to sexual assault. (Cause Number 19854, in the 268th Judicial District Court of Fort Bend County, Texas). On December 12, 1994, the court sentenced Semier to a five-year prison term. Semier did not appeal. He discharged this sentence on June 15, 1998.

On December 7, 1994, Semier was convicted of aggravated assault. (Cause Numbers 666952, 667063, and 667137, in the 337th Judicial District Court of Harris County, Texas). Semier was sentenced to three thirty-five year prison terms. He is currently serving these sentences. The maximum expiration date for these three sentences is July 7, 2028.

On January 31, 2011, this court received Semier's federal petition. Semier contends that his conviction is void for the following reasons:

    (1)    he is actually innocent;

    (2)    the prosecutor suppressed favorable evidence; and

    (3)    trial counsel rendered ineffective assistance.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 7-8). The threshold issue is jurisdiction to consider these claims.

## II.    Analysis

Semier's petition is filed under 28 U.S.C. § 2254. Under 28 U.S.C. § 2241(c)(3) and 28 U.S.C. § 2254(a), a person must be "in custody" before he can seek federal habeas relief. To be eligible for federal habeas corpus relief, a petitioner must be "in custody" and must have exhausted his available state court remedies. *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). The United States Supreme Court has interpreted this statutory language to require that the habeas petitioner be "in custody" for the conviction or sentence under attack at the time the petition is filed. *Lackawanna Cnty. Dist. Attorney v. Coss*, 121 S. Ct. 1567, 1572 (2001). A habeas petitioner is not "in custody" when his sentence has expired for the challenged conviction. *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)). Whether a petitioner is "in custody" is determined as of the date on which the habeas petition is filed. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

Semier filed this federal petition on January 31, 2011. At that time, Semier was not in custody on the charge in Cause Number 19854, the case on which he bases this petition. Semier remains incarcerated on three sentences imposed before the sentence under attack in this petition.

2

The Supreme Court has held that a petitioner who receives consecutive sentences for multiple offenses remains "in custody" and may seek federal habeas relief with respect to any of those convictions until all consecutively imposed sentences are discharged. *See Garlotte v. Fordice,* 515 U.S. 39, 45-46 (1995). This is true even when the sentence associated with the challenged conviction has expired. *Id.* In this case, Semier did not receive consecutive sentences for multiple offenses. On December 12, 1994, he received a single five-year sentence for a single offense, sexual assault.

Semier has not met the "in-custody" requirements of 28 U.S.C. § 2254(a) or § 2241(c)(3). Because Semier has not satisfied the "in custody" requirement, this court has no jurisdiction to consider his claims.

## III.   Conclusion

The respondent's motion for summary judgment, (Docket Entry No. 9), is granted. Semier's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed for lack of jurisdiction. All remaining pending motions are denied as moot.

SIGNED on November 10, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge